Dear Mr. McClung:
You have requested a clarification of Attorney General Opinion No. 00-02 regarding the medical scholarship program (Program) initiated by Homer Memorial Hospital (Hospital). The Hospital is owned by the Town of Homer (Town) and is administered by a Board of Directors (Board) appointed by the governing authority of the Town. The Town operates under a Home Rule Charter (Charter) and is governed by a Mayor and Board of Selectmen.
Attorney General Opinion No. 00-02, concluded that the Hospital can implement a Program pursuant to its Charter, Town Ordinance No. 563 (Ordinance), R.S. 46:1101, et seq., and Article VII, Section 14 of the La. Constitution of 1974. You have expressed concern that the effect of the Opinion is to subject the Hospital to all statutory provisions governing hospital service districts. In addition, you ask what effect the opinion has on medical scholarship agreements previously executed by the Hospital.
Addressing your first concern, Opinion No. 00-02 does not conclude that the Hospital is subject to all laws relating to hospital service districts. We do note the existence of several programs implemented by the Legislature to assist publicly owned hospitals, including hospital service districts, to more effectively compete in the market for hospital and healthcare services. For example, R.S. 46:1072 defines "Hospital service district" to include a hospital owned by a city. Similar provisions authorizing nursing scholarships (R.S. 46:1131) and allied health professionals' scholarships (R.S. 46:1151) are available to hospital service districts and hospitals owned by a political subdivision of the State.
The central issue presented in Opinion No. 00-02 was whether the Hospital could implement the Program in question and, if so, under what authority. Therein, we concluded that the Hospital could establish the Program pursuant to R.S. 46:1101 et seq.
Initially, it should be noted that funding for the Program was derived from tax revenues transferred to the Hospital by the local hospital service district. This funding ceased and the Program was subsequently suspended several years ago. Accordingly, the opinion also addressed the future implementation or reinstatement of the Program by the Hospital.
The Town's Charter does not specifically address the implementation of the Program in question. It merely provides that the Mayor and Selectmen shall have the power "to make regulations to secure the general health of the municipality". Likewise, the Ordinance creating the Board and providing for its duties failed to expressly provide for the Program. It declares that the Board "shall be responsible for establishing by-laws, rules and regulations and any and all other duties and responsibilities that normally apply to various board of directors of comparable hospitals within the state of Louisiana".
The only specific mention of the Program is found in the Hospital's "Minutes of the Executive Committee Meeting", dated July 8, 1991. Therein, a motion is made that "the hospital set aside $5,000.00 per month to be used to fund up to five medical scholarships, as authorized in R.S. 46:1102". (Emphasis added.)
R.S. 46:1101 et seq., authorizes the establishment of medical scholarship programs by the boards of parish hospitals and hospital service districts. The law is silent with regard to such programs for municipally-owned hospitals.
In Opinion No. 00-02, we expressed our conviction that programs designed to increase the educational opportunities afforded to medical students who agree to practice in small rural areas where physician care is limited, should be available to the Hospital. Citing the Ordinance and Article VII, Section 14(C), we opined that the Hospital could implement a Program under laws applicableto boards of directors of comparable hospitals within the State.
These laws are found only in R.S. 46:1101 et seq., and represent the legislative prerequisites pursuant to which such a Program should be carried out. Thus, the Program implemented by the Hospital should fall within the parameters contained in R.S.46:1101, et seq. Accordingly, Attorney General Opinion No. 00-02 is affirmed.
We also affirm our previous opinion with regard to the enforcement of any and all medical scholarship agreements previously executed by the Hospital. In the event of default by a scholarship recipient, the Town and Hospital must take the necessary action to secure the repayment of the scholarship funds. Failure to do so constitutes a violation of Article VII, Sections 14 and 15 of the Louisiana Constitution of 1974. We have been advised that at least one suit has been filed for reimbursement.
Trusting this adequately responds to your inquiries, I am
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: ROBERT E. HARROUN, III Assistant Attorney General
RPI/Rob3/crt
cc: Grover C. Austin, CPA First Assistant Legislative Auditor 1600 North Third Street Post Office Box 94397 Baton Rouge, Louisiana 70804-9397
SYLLABUS
DATE RECEIVED: DATE RELEASED:
Mr. James McClung Acting Administrator Houmer Memorial Hospital 620 East College Homer, Louisiana 71040
Robert E. Harroun, III Assistant Attorney General